IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW V. LICHVAR, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| v. | : | |
| | : | |
| THE HERSHEY COMPANY, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

# COMPLAINT

## PARTIES

1. Plaintiff, Matthew V. Lichvar ("Mr. Lichvar" or "Plaintiff"), an adult individual, currently resides at 64 Petrishin Road, Luzerne County, Pennsylvania 18622.

2. Defendant, The Hershey Company ("Defendant" or "Hershey"), is a Pennsylvania corporation doing business and having offices in Pennsylvania including at 100 Mansion Road East, Hershey, Pennsylvania 17033.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action because Mr. Lichvar's claims arise under Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, as amended ("ADA"); and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*, as amended ("ADEA").

-2-

4. This is a civil action involving claims in excess of $75,000, exclusive of interest and costs. Jurisdiction is based on 28 U.S.C. §1331 (federal question).

5. Mr. Lichvar exhausted his administrative remedies by filing a Charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 530-2022-00159.

6. Mr. Lichvar received the EEOC's notice of right to sue fewer than 90 days before his filing of this complaint.

7. Venue over this action lies with the United States District Court for the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. At various relevant times, Mr. Lichvar was employed by Hershey as a full-time Control Specialist at its plant located in Hazle Township, Luzerne County, Pennsylvania.

9. At various relevant times, Mr. Lichvar was a qualified employee and was able to perform the essential functions of his job with or without accommodation.

10. At various relevant times, Mr. Lichvar was a member of a "protected class" and had legally protected disabilities under the Americans with Disabilities Act, as amended, including:

      (a)    a physical and/or mental impairment that substantially limited one or more major life activities including, without limitation: a skin condition/rash exacerbated by a hot work environment; hypertension; a generalized anxiety disorder ("GAD") and related conditions;

      (b)    a record of such impairment(s); and/or

      (c)    being regarded as having such impairment(s).

11.    In violation of federal law, Hershey discriminated against Mr. Lichvar based on his protected classes (disabled/disability; and age, born 5/16/1966), and treated significantly younger employees who were not in his protected classes more favorably with respect to the terms, conditions, and privileges of employment.

12.    At various relevant times, Mr. Lichvar engaged in "protected activity" within the meaning of federal law including requesting reasonable accommodation and/or complaining that he was being treated differently due to his protected classes.

13.    Hershey was aware of Mr. Lichvar's disabilities and retaliated against him after he engaged in protected activities, as specified below.

14.    As specified below, Mr. Lichvar received various adverse actions during his employment up to and including his termination on or after December 11, 2020.

15. From approximately April to September 2016, Mr. Lichvar applied for and was granted intermittent FMLA leave based on his generalized anxiety disorder ("GAD") and hypertension.

16. In addition to previously notifying Hershey about his serious medical condition/disability, on August 10, 2020, Mr. Lichvar confirmed to Lori Thomas, Hershey's Senior HR Manager, that he had not been feeling well for some time and that he was having physical and mental health issues during the pandemic, emphasizing that he was having difficulty accessing healthcare.

17. On or about August 28, 2020, Ms. Thomas retaliated against Mr. Lichvar based on his August 10, 2020 texting incident with co-workers, issuing him a suspension for the remainder of his shift plus two days.

18. On or about August 28 2020, Ms. Thomas failed to engage in an interactive process about the nature and extent of Mr. Lichvar's physical and mental disabilities and instead unilaterally directed that Mr. Lichvar complete counseling through the EAP for what Ms. Thomas conveniently characterized as "anger management."

19. To treat his condition, Mr. Lichvar received individual and group counseling through Hershey's EAP from August through mid-November 2020.

20. Without providing any explanation to Mr. Lichvar for its shifting employment decisions, Hershey later changed his August 28, 2020 suspension to a leave of absence.

21. On November 25, 2020, Mr. Lichvar met with supervisor, Edward John, and the union representative, Bill McLaughlin, in connection with Hershey's written warning to Mr. Lichvar for purportedly having seven absence "occurrences" under the Attendance Policy.

22. During the meeting, Mr. McLaughlin was harassing Mr. Lichvar, telling him he should quit if he didn't like the write-up, and calling him a "jerk off" while making a vulgar motion toward his genitalia.

23. Mr. Lichvar correctly disputed the number of occurrences and refused to sign the written warning.

24. After checking Mr. Lichvar's attendance record on the computer, Mr. John agreed that Mr. Lichvar's attendance write-up was inaccurate and unjustified.

25. Mr. Lichvar confirmed to Mr. John that he wanted to file a complaint with Human Resources.

26. After Mr. Lichvar returned to work, Mr. John called him and confirmed that he and Mr. McLaughlin were being sent home for the remainder of their respective shifts.

27.     Commencing on November 26, 2020, Mr. Lichvar took a scheduled vacation, but did not receive the required disciplinary warning in connection with his verbal dispute (which had been initiated by Mr. McLaughlin).

28.     On or about December 7, 2020, Hershey's manager, Pam Holderman, left a voicemail message for Mr. Lichvar, stating that he should not return to work until further notice.

29.     On December 11, 2020, Ms. Holderman left a voicemail message for Mr. Lichvar, stating that he had been terminated (but not indicating any reason for the termination).

30.     By letter dated December 18, 2020, Carmella Lonczynski, Senior Human Resources Representative, confirmed Mr. Lichvar's termination effective December 11, 2020.   Attached as **Exhibit P-1** is a copy of Ms. Lonczynski's letter.

31.     In the December 18, 2020 letter, Hershey once again did not specify any reason for Mr. Lichvar's abrupt termination (and failed to provide him with progressive discipline including a written warning required under its policy).

32.     Hershey wrongfully terminated Mr. Lichvar based on his engaging in an argument initiated by a comparator who was not terminated for his reprehensive conduct.

## COUNT I
## DISABILITY DISCRIMINATION

33. Mr. Lichvar incorporates by reference herein paragraphs 1 through 32 above.

34. As alleged more fully above, Hershey discriminated against Mr. Lichvar based on his disabilities.

35. Hershey failed to engage in an interactive process to confirm the nature and extent of Mr. Lichvar's disabilities.

36. Hershey failed to accommodate Mr. Lichvar's disabilities and treated him less favorably than his comparator(s) with respect to the terms, conditions, and privileges of employment.

37. Hershey had no legitimate, non-discriminatory reason for suspending and for terminating Mr. Lichvar.

38. As a result of Defendant's unlawful conduct, Mr. Lichvar has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, medical expenses, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

39. As a further result of Defendant's unlawful conduct, Mr. Lichvar has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical and mental health conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

40.     Additionally, as a result of Defendant's intentional wrongdoing, which was committed in bad faith and in reckless disregard of Mr. Lichvar's interests, he is entitled to punitive damages under federal law in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff, Matthew V. Lichvar, demands that judgment be entered in his favor and against Defendant, The Hershey Company, including the following relief:

A.     reinstatement to Mr. Lichvar's prior position or a comparable position with Defendant;

B.     compensation for back pay, front pay, lost retirement, medical expenses, and other lost employee benefits;

C.     compensatory, statutory, and punitive damages in amounts to be determined at trial;

D.     attorneys' fees, costs, and interest; and

E.     such other relief as the Court deems appropriate.

## COUNT II
## DISABILITY RETALIATION

41.     Mr. Lichvar incorporates by reference herein paragraphs 1 through 40 above.

42. As alleged more fully above, Mr. Lichvar engaged in protected activity including requesting accommodation for his disabilities and complaining about Hershey's disparate treatment of him.

43. Hershey discriminated and retaliated against Mr. Lichvar after he engaged in protected activities including wrongfully suspending him and terminating him.

44. As a result of Defendant's unlawful conduct, Mr. Lichvar has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, medical expenses, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

45. As a further result of Defendant's unlawful conduct, Mr. Lichvar has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related medical and mental health conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

46. Additionally, as a result of Defendant's intentional wrongdoing, which was committed in bad faith and in reckless disregard of Mr. Lichvar's interests, he is entitled to punitive damages under federal law in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff, Matthew V. Lichvar, demands that judgment be entered in his favor and against Defendant, The Hershey Company, including the following relief:

    A.    reinstatement to Mr. Lichvar's prior position or a comparable position with Defendant;

    B.    compensation for back pay, front pay, lost retirement, medical expenses, and other lost employee benefits;

    C.    compensatory, statutory, and punitive damages in amounts to be determined at trial;

    D.    attorneys' fees, costs, and interest; and

    E.    such other relief as the Court deems appropriate.

**COUNT III**
**<u>AGE DISCRIMINATION</u>**

47.    Mr. Lichvar incorporates by reference herein paragraphs 1 through 46 above.

48.    Mr. Lichvar was also a member of another protected class:  age (born 5/16/1966).

49.    Mr. Lichvar was a qualified employee who was able to perform his essential job requirements.

50. Mr. Lichvar's significantly younger comparators were treated more favorably with respect to the terms, conditions, and privileges of employment and were not suspended or terminated under same or similar circumstances.

51. On information and belief, after Mr. Lichvar was terminated, Hershey replaced him with a less qualified, significantly younger individual.

52. Defendant had no legitimate, nondiscriminatory reason for its wrongful suspension and termination of Mr. Lichvar.

53. As a result of Defendant's unlawful conduct, Mr. Lichvar has sustained lost wages, lost overtime, lost bonuses, lost retirement and employee benefits, medical expenses, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

54. Additionally, as a result of Defendant's violation of the ADEA, which was willful and in reckless disregard of Mr. Lichvar's interests, he is entitled to double liquidated damages under federal law in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff, Matthew V. Lichvar, demands that judgment be entered in his favor and against Defendant, The Hershey Company, including the following relief:

A. reinstatement to Mr. Lichvar's prior position or a comparable position with Defendant;

B. compensation for back pay, front pay, lost retirement, medical expenses, and other lost employee benefits;

C. double liquidated damages in an amount to be determined at trial;

D. attorneys' fees, costs, and interest; and

E. such other relief as the Court deems appropriate.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated: 06/29/2022        By:   s/ Bradford Dorrance
                          Bradford Dorrance, PA I.D. #32147
                          417 Walnut Street, 3rd Floor, Rear
                          P. O. Box 11963
                          Harrisburg, PA   17108-1963
                          bdorrance@keeferwood.com
                          (717) 255-8014 (phone)

                          (Attorneys for Plaintiff)